UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
JOSEPH SAPIA,                                         :    MEMORANDUM
                                                      :    OPINION AND ORDER
                          Petitioner,                 :
                                                      :    02 Civ. 649 (SAS)
          - against -                                 :
                                                      :    99 CR 1193 (SAS)
UNITED STATES OF AMERICA,                             :
                                                      :
                          Respondent.                 :
------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On July 14, 2008, this Court issued a Memorandum Opinion and Order (the "July 14th Order") which held that Sapia's Motion to Vacate and Reenter the Judgment of Conviction ("Motion") was a second or successive petition.[1] Because the Motion was a second or successive petition, it was transferred to the Second Circuit Court of Appeals pursuant to section 2255, title 28 of the United States Code ("section 2255").[2] Petitioner now moves for reconsideration of the July 14th Order based on a decision recently issued by the

---

[1] *See Sapia v. United States*, No. 99 CR 1193, 2008 WL 2775506, at *3 (S.D.N.Y. July 14, 2008).

[2] *See id. See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Second Circuit, *Nnebe v. United States*.[3]

## A. Applicable Standard

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.[4] The standard for granting such a motion "'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[5] Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce

---

[3] *See* 7/22/08 Letter from Georgia J. Hinde, petitioner's attorney, at 2 ("Hinde Ltr.") ("[W]e respectfully request that this Court reconsider its opinion dated July 14, 2008, in light of the recently reissued decision in *Nnebe v. United States* [No. 05-5713-pr, 2008 WL 2789495 (2d Cir. July 21, 2008)].").

[4] *See Pattterson v. United States*, No. 04 Civ. 3170, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[5] *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, No. 04 Civ. 5424, 2008 WL 2566551, at *1 (S.D.N.Y. June 26, 2008) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). *See also Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (quotation marks and citation omitted).

judicial resources."[6]

**B.     Discussion**

Petitioner cites *Nnebe* in support of his argument that "an appointed attorney's failure to comply with this Circuit's CJA rules should be remedied without regard to § 2255 procedures in order to effectuate the purposes of the Criminal Justice Act and oversee the attorneys appointed to it, all of whom are subject to the supervisory powers of district courts as well as the Court of Appeals."[7] According to petitioner, *Nnebe* gives this Court the authority to vacate and reenter his judgment of conviction, thereby permitting him to file a timely notice of appeal, despite the rules regarding second or successive petitions.[8]

In *Nnebe*, the Second Circuit considered the relief available where a defendant's attorney promises to file a petition for a writ of certiorari, but fails to do so in violation of the Rules Implementing the Criminal Justice Act ("CJA").[9] In *Nnebe*, the petitioner filed a section 2255 motion, arguing that he was entitled to a belated appeal to the Supreme Court as a result of his attorney's ineffective

---

[6]     *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quotation marks and citation omitted).

[7]     Hinde Ltr. at 2.

[8]     *See id.* at 1-2.

[9]     *See Nnebe*, 2008 WL 2789495, at *1.

3

assistance in failing to file a petition for certiorari.[10] The district court denied that motion and petitioner appealed.[11] On appeal, the Second Circuit held that Nnebe was entitled to pursue certiorari review.[12] The Second Circuit construed petitioner's appeal as a motion to recall the mandate, granted that motion, vacated the judgment, and remanded the case to the district court for a *Crosby* hearing. In construing petitioner's application in this manner, the Second Circuit deliberately bypassed the rules governing section 2255 motions.[13] Instead, the court granted the requested relief because Nnebe's attorney violated a provision of the court's CJA Plan.[14] The court noted that "[t]his remedy is, of course, an unusual one that is used sparingly and only in extraordinary circumstances."[15]

---

[10] *See id.*

[11] *See id.*

[12] *See id.*

[13] *See id.* at 3 ("[I]t would be illogical to conclude that the application should continue to be treated as thought it were a Section 2255 motion. . . . Consequently, Nnebe is not required to demonstrate prejudice by establishing that his certiorari petition would have been successful.").

[14] *See id.* In particular, the court cites CJA Plan ¶ IX.C, which requires, *inter alia*, a CJA attorney to petition the Supreme Court for certiorari, if requested to do so by a CJA client. The court noted that according to the Supreme Court, "the Courts of Appeals should make appropriate relief available so that defendants are not disadvantaged by the failures in representation by CJA counsel." *Id.*

[15] *Id.*

Petitioner urges this Court to extend *Nnebe* to situations where a defendant's attorney fails to file a timely notice of appeal, despite being instructed to do so by his client. Petitioner argues that under *Nnebe*, this Court can vacate the judgment of conviction without construing his Motion as a second or successive 2255 petition because of his attorney's alleged violation of a provision of the CJA Plan.[16]

Such an extension is unwarranted for several reasons. *First*, in *Nnebe* the Second Circuit addressed its own ability to construe an appeal as a motion to recall the mandate and vacate the judgment. It did not confer upon district courts the authority to impose such remedies on their own. Nor did *Nnebe* change the undisputed law that a "district court has no power to entertain a second or successive § 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court."[17] *Second*, the remedy chosen in *Nnebe* – recalling a mandate and vacating a judgment – was "an unusual remedy

---

[16] Petitioner cites CJA Plan, Section VIII ("In all cases where trial counsel has acted in the district court under the CJA, such trial counsel shall advise the CJA client of the right to appeal to the United States Court of Appeals, and of the obligation to file a timely notice of appeal, and shall file such notice of appeal if requested to do so, unless the CJA client states that the notice of appeal should not be filed."). Motion at 16, n.8.

[17] *Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003).

5

intended for extraordinary circumstances."[18] Such extraordinary circumstances were present, in part, because there was no dispute that Nnebe's counsel failed to file a certiorari petition despite clear instructions to do so.[19] Thus, a remedy similar to that in *Nnebe* would be inappropriate in this case given the significantly less compelling evidence offered by Sapia. As previously noted, Sapia pled guilty pursuant to a plea agreement in which he agreed not to appeal a sentence within the Guidelines range, which he received. Moreover, it is unclear whether Sapia expressly asked his attorney to file a notice of appeal on his behalf.[20] Given this ambiguity, this Court would be hard pressed to find the type of extraordinary circumstances needed to justify the remedy afforded in *Nnebe*.

## C. Conclusion

In sum, because *Nnebe* is distinguishable on several grounds, it is not a controlling decision overlooked by this Court in deciding Sapia's Motion. Accordingly, Sapia's motion for reconsideration of this Court's July 14th Order is

---

[18] *Nnebe*, 2008 WL 2789495, at *4.

[19] *See id.* at *2 ("The government does not dispute Nnebe's contentions that he wished to petition for certiorari, or that his counsel knew this and forwarded to him, but never filed, a draft petition.").

[20] *See Sapia*, 2008 WL 2775506, at *2 ("[I]t is unclear whether Sapia actually asked his attorned to file a notice of appeal, or if he merely expected that one would be filed on his behalf.").

denied.[21]

SO ORDERED:

/s/ Shira A. Scheindlin
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         August 7, 2008

---

[21] Sapia could, of course, present his arguments to the Second Circuit, where his Motion has been transferred.

## - Appearances -

**For Petitioner:**

Georgia J. Hinde, Esq.
1133 Broadway, Suite 304
New York, New York 10010
(212) 727-2717

**For Respondent:**

Edward Y. Kim
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2401